UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HAWKEYE, LLC, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:10-CV-899 (JCH) |
| | : | |
| v. | : | |
| | : | |
| ZURICH AMERICAN INSURANCE | : | MARCH 28, 2011 |
| CO., ET AL., | : | |
|    Defendants. | : | |

**RULING RE: DEFENDANTS' MOTIONS TO DISMISS (Doc. Nos. 18, 20)**

**I.    INTRODUCTION**

Plaintiff Hawkeye, LLC ("Hawkeye"), brings this action against defendants Zurich American Insurance Co. ("Zurich") and Precision Drilling, Inc. ("Precision Drilling"), alleging, inter alia, that Zurich failed to defend Hawkeye in a Connecticut Superior Court action, as required by a contract between Zurich and Precision Drilling which named Hawkeye as an additional insured. See generally Am. Compl. (Doc. No. 17).

Defendants in this case filed two separate Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Doc. Nos. 18, 20. Zurich, in its Motion, argues that Count Three of the Amended Complaint, seeking relief under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq., fails to sufficiently allege a "general business practice" as required by Connecticut law and fails to allege facts sufficient to satisfy the "cigarette rule." See generally Zurich's Mem. (Doc. No. 19). Precision Drilling, in its Motion, argues that no cause of action is stated against it, and the company seeks dismissal from the case. See generally Precision Drilling's Mem. (Doc. No. 21).

1

For the reasons articulated below, the court grants both motions.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court takes the allegations of the Amended Complaint as true and construes them in a manner favorable to the plaintiff. See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002). The court must draw all reasonable inferences in the nonmoving party's favor. See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).

The court begins its analysis by "'identifying pleadings that, because they are no more than conclusions, are not entitled to the assumptions of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Next, the court must "determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement of relief.'" Hayden, 594 F.3d at 161 (quoting Iqbal, 129 S. Ct. at 1950) . The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949.

## III. DISCUSSION

### A. Zurich's Motion to Dismiss Count Three (Doc. No. 18)

Count Three of Hawkeye's Amended Complaint seeks relief under CUTPA, specifically under Conn. Gen. Stat § 38a-816(6), alleging that Zurich engaged in unfair

claim settlement practices. In order to establish a claim under this statute, the Connecticut Supreme Court has required "proof that the unfair settlement practices were committed or performed 'with such frequency as to indicate a general business practice.'" Lees v. Middlesex Ins. Co., 229 Conn. 842, 847-48 (1994) (quoting Mead v. Burns, 199 Conn. 651 (1986)). Courts in this district have consistently dismissed claims under section 38a-816(6) that failed to include factual allegations sufficient to make a claim of a "general business practice" plausible. See, e.g., Acker v. Am. Sec. Ins. Corp., No. 10-cv-1070, 2010 WL 5376253, at *2 (D. Conn. Dec. 22, 2010); O'Neill v. RiverSource Life Ins. Co., No. 3:10-CV-898, 2010 WL 3925988, at *3 (D. Conn. Sept. 29, 2010).

In support of its claim, Hawkeye cites to eight cases filed against Zurich or its subsidiary, Assurance Company of America, which Hawkeye alleges indicate a general business practice of unfair claims settlement behavior. See Am. Compl. ¶ 32. A number of the claims appear substantively similar to the present case. For example, Hawkeye describes the plaintiff in Mallon v. Zurich Am. Ins. Co., No. 3:04cv1267 (D. Conn. Aug. 1, 2006), as "[a]lleging, inter alia, that Zurich repeatedly and wrongfully refused to pay out on decedent's insurance policy," and in National Union Fire Ins. Co. v. Zurich Am. Ins. Co., No. CV040491301,(Conn. Super Ct. Dec. 1, 2005), as "[a]lleging that Zurich refused to defend and indemnify an additional insured." Am. Compl. ¶ 32.

However, nowhere in Hawkeye's description of these cases does it explain the status of the cases and whether a finding that Zurich engaged in that practice was made, and there are no allegations with respect to the resolution of the cited cases. Thus, there are no allegations that Zurich engaged in insurer misconduct in those

3

cases. The court, therefore, dismisses Count Three of the Amended Complaint for failure to state a claim of a "general business practice."

B.  Precision Drilling's Motion to Dismiss as to Precision (Doc. No. 20)

Precision Drilling seeks dismissal from this action, arguing that Hawkeye failed to state any cause of action against Precision Drilling. In response, Hawkeye argues that, (1) Hawkeye stated a cause of action against Precision Drilling in Count One of its Amended Complaint, and (2) Precision Drilling is a necessary party to this action under Fed. R. Civ. P. 19(a), and, accordingly, Hawkeye is at risk of dismissal if it fails to include Precision Drilling as a party, see Fed. R. Civ. P. 12(b)(7) (permitting a motion to dismiss for failure to join a necessary party under Rule 19).

As to its first argument, Count One of Hawkeye's Amended Complaint is stylized as a "Declaratory Judgment." See Am. Compl. ¶¶ 17-23. However, a request for a declaratory judgment requires the existence of an "actual controversy" between the parties. See 28 U.S.C. §§ 2201; Keene Corp. v. Fiorelli (In re Joint E. & S. Dist. Asbestos Litig.), 14 F.3d 726, 731 (2d Cir. 1993) ("The Declaratory Judgment Act does not . . . provide an independent cause of action. Its operation is procedural only—to provide a form of relief . . . ."). Nowhere in Hawkeye's Amended Complaint does it describe a controversy between Hawkeye and Precision Drilling. To the contrary, Hawkeye alleges that Precision Drilling complied with Hawkeye's requirement that Precision Drilling include Hawkeye as an "additional insured" on the insurance agreement Precision Drilling held with Zurich. See Am. Compl. ¶¶ 8-9. In the absence of an identifiable controversy, Hawkeye has failed to state a claim for a declaratory judgment against Precision Drilling.

4

Hawkeye's second argument similarly fails. Rule 19(a) provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). According to Hawkeye, Precision Drilling's status as a party to the insurance contract in question makes it a necessary party in this case. See Precision Drilling's Mem. 7. The court disagrees.

Precision Drilling qualifies as a necessary party under Rule 19(a)(1)(A) only if, "in [its] absence, the court cannot accord complete relief among existing parties." In the present case, Hawkeye seeks only a declaration of Zurich's obligations under the insurance contract, including, inter alia, "that Zurich is to defend and indemnify Hawkeye." See Am. Compl. 9. Precision Drilling's absence from the case would not "affect the relief that the plaintiff can recover for the damage it suffered." Jonesfilm v. Lion Gate Int'l, 299 F.3d 134, 140 (2d Cir. 2002). Therefore, Precision Drilling's presence as a party is not necessary under Rule 19(a)(1)(A). See Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 385 (2d Cir. 2006) (rejecting application of Rule 19(a)(1)(A) to third party of contract, where complete relief could be obtained for the two primary parties vis-à-vis one another); Gibbs Wire & Steel Co. v. Johnson, 255 F.R.D. 326, 328 n.1 (D. Conn. 2009) (rejecting application of Rule 19(a)(1)(A) where "the declaratory judgment that [the claimants sought] would not require any affirmative

5

obligation on the part of the [absent parties]").

Hawkeye also cannot characterize Precision Drilling as a necessary party under Rule 19(a)(1)(B), which requires the absent party (Precision Drilling) to "claim[] an interest" in the action. See Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 49 (2d Cir. 1996); Gibbs Wire & Steel, 255 F.R.D. at 329. Quite to the contrary, Precision Drilling is seeking to absent itself from the proceedings. The court assumes that, by doing so, Precision Drilling is waiving any claim of interest in this case.

Precision Drilling having no express interest in this case and Hawkeye having asserted no claim against Precision Drilling, the court grants Precision Drilling's Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, the court grants both Zurich's Motion to Dismiss Count Three (Doc. No. 18) and Precision Drilling's Motion to Dismiss (Doc. No. 20). The Clerk is directed to terminate defendant Precision Drilling as a party to this case. Plaintiff is granted permission to replead Count Three against Zurich, if it has a basis to do so. Any such pleading should be filed no later than April 13, 2011.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 28th day of March, 2011.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge